IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN WILLIAMS, Guardian Ad
Litem for CRYSTAL WILLIAMS,                    CIV. S-10-1889 JAM CMK

        Plaintiff,

    v.                                         STATUS (Pre-trial
                                               Scheduling) ORDER

STATE OF CALIFORNIA, et al

        Defendants.
_____/

        After review of the Joint Status Report, the court
makes the following order:

                        SERVICE OF PROCESS

    All parties defendant to this lawsuit have been served and
no further service will be permitted except with leave of court,
good cause having been shown.

            JOINDER OF ADDITIONAL PARTIES/AMENDMENTS

    No further joinder of parties or amendments to pleadings is
permitted except with leave of court, good cause having been
shown.

                                1

JURISDICTION AND VENUE

Jurisdiction and venue are not contested.

FICTITIOUSLY-NAMED DEFENDANTS

This action, including any counterclaims, cross-claims, and third party complaints is hereby DISMISSED as to all DOE or other fictitiously-named defendants.

MOTION HEARINGS SCHEDULES

All dispositive motions shall be filed by **December 14, 2011.** Hearing on such motions shall be on **January 11, 2012** at 9:30 a.m. in Courtroom #6.

**The parties are reminded of the notice requirements as outlined in Local Rule 230(b).**

The time deadline for dispositive motions does not apply to motions for continuances, temporary restraining orders or other emergency applications.

**THE OPPOSITION AND REPLY MUST BE FILED BY 4:00 P.M. ON THE DAY DUE.**

All purely legal issues are to be resolved by timely pre-trial motions.  The parties are reminded that motions in limine are procedural devices designed to address the admissibility of evidence and are cautioned that the court will look with disfavor upon substantive motions presented at the final pre-trial conference or at trial in the guise of motions in limine.  The parties are further cautioned that if any legal issue which should have been tendered to the court by proper pre-trial motion requires resolution by the court after the established law and

1  motion cut-off date, substantial sanctions may be assessed for
2  the failure to file the appropriate pre-trial motion.

3      **Unless prior permission has been granted, memoranda of law**
4  **in support of and in opposition to motions are limited to twenty-**
5  **five (25) pages, and reply memoranda are limited to ten (10)**
6  **pages.  The parties are also cautioned against filing multiple**
7  **briefs to circumvent this rule.**

8                            DISCOVERY

9      All discovery shall be completed by **November 7, 2011.**  In
10 this context, "completed" means that all discovery shall have
11 been conducted so that all depositions have been taken and any
12 disputes relative to discovery shall have been resolved by
13 appropriate order if necessary and, where discovery has been
14 ordered, the order has been complied with.

15              DISCLOSURE OF EXPERT WITNESSES

16     The parties shall make expert witness disclosures under
17 Fed. R. Civ. P. 26(a)(2) by **September 9, 2011.**  Supplemental
18 disclosure and disclosure of any rebuttal experts under
19 Fed. R. Civ. P. 26(a)(2)(c) shall be made by **September 16, 2011.**

20     Failure of a party to comply with the disclosure schedule as
21 set forth above in all likelihood will preclude that party from
22 calling the expert witness at the time of trial absent a showing
23 that the necessity for the witness could not have been reasonably
24 anticipated at the time the disclosures were ordered and that the
25 failure to make timely disclosure did not prejudice any other
26 party.  See Fed. R. Civ. P. 37(c).

1    All experts designated are to be fully prepared at the time

2  of designation to render an informed opinion, and give their

3  reasons therefore, so that they will be able to give full and

4  complete testimony at any deposition taken by the opposing

5  parties.  Experts will not be permitted to testify at the trial

6  as to any information gathered or evaluated, or opinion formed,

7  after deposition taken subsequent to designation.

8                   JOINT MID-LITIGATION STATEMENTS

9    Not later than fourteen (14) days prior to the close of

10  discovery, the parties shall file with the court a brief joint

11  statement summarizing all law and motion practice heard by the

12  court as of the date of the filing of the statement, whether the

13  court has disposed of the motion at the time the statement is

14  filed and served, and the likelihood that any further motions

15  will be noticed prior to the close of law and motion.  The filing

16  of this statement shall not relieve the parties or counsel of

17  their obligation to timely notice all appropriate motions as set

18  forth above.

19                     FINAL PRE-TRIAL CONFERENCE

20    The final pre-trial conference is set for **March 7, 2012 at

21  3:00 p.m.**  In each instance an attorney who will try the case for

22  a given party shall attend the final pretrial conference on

23  behalf of that party; provided, however, that if by reason of

24  illness or other unavoidable circumstance the trial attorney is

25  unable to attend, the attorney who attends in place of the trial

26  attorney shall have equal familiarity with the case and equal

                                    4

authorization to make commitments on behalf of the client.  All pro se parties must attend the pre-trial conference.

Counsel for all parties and all pro se parties are to be fully prepared for trial at the time of the pre-trial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  The parties shall file with the court, no later than seven days prior to the final pre-trial conference, a joint pre-trial statement. **Also at the time of filing the Joint Pretrial Statement, counsel are requested to e-mail the Joint Pretrial Statement in WPD or Word format to Judge Mendez's assistant, Jane Pratt at: jpratt@caed.uscourts.gov.**

Where the parties are unable to agree as to what legal or factual issues are properly before the court for trial, they should nevertheless list all issues asserted by any of the parties and indicate by appropriate footnotes the disputes concerning such issues.  The provisions of Local Rule 16-281 shall, however, apply with respect to the matters to be included in the joint pre-trial statement.  Failure to comply with Local Rule 16-281, as modified herein, may be grounds for sanctions.

The parties are reminded that pursuant to Local Rule 16-281(b)(10) and (11) they are required to list in the final pre-trial statement all witnesses and exhibits they propose to offer at trial, no matter for what purpose.  These lists shall not be contained in the body of the final pre-trial statement itself, but shall be attached as separate documents so that the

1  court may attach them as an addendum to the final pre-trial

2  order.  The final pre-trial order will contain a stringent

3  standard for the offering at trial of witnesses and exhibits not

4  listed in the final pre-trial order, and the parties are

5  cautioned that the standard will be strictly applied.  On the

6  other hand, the listing of exhibits or witnesses that a party

7  does not intend to offer will be viewed as an abuse of the

8  court's processes.

9      The parties are also reminded that pursuant to Rule 16,

10  Fed. R. Civ. P., it will be their duty at the final pre-trial

11  conference to aid the court in: (a) formulation and

12  simplification of issues and the elimination of frivolous claims

13  or defenses; (b) settling of facts which should properly be

14  admitted; and (c) the avoidance of unnecessary proof and

15  cumulative evidence.  Counsel must cooperatively prepare the

16  joint pre-trial statement and participate in good faith at the

17  final pre-trial conference with these aims in mind.  A failure to

18  do so may result in the imposition of sanctions which may include

19  monetary sanctions, orders precluding proof, elimination of

20  claims or defenses, or such other sanctions as the court deems

21  appropriate.

22

23                        TRIAL SETTING

24      Jury trial in this matter is set for **April 16, 2012 at 9:00**

25  **a.m.**  The parties estimate a trial length of approximately 5

26  days.

1

<u>SETTLEMENT CONFERENCE</u>

2    No Settlement Conference is currently scheduled.  If the
3 parties wish to have a settlement conference, one will be
4 scheduled at the final pretrial conference or at an earlier time
5 upon request of the parties.

6

7    <u>OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER</u>

8    This Status Order will become final without further Order of
9 Court unless objection is lodged within seven (7) days of the
10 date of the filing of this Order.

11    IT IS SO ORDERED.

12 Dated:  January 7, 2011

13

                              /s/ John A. Mendez
14                            JOHN A. MENDEZ
                              United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26